Sullivan
No. 85-559

## THE STATE OF NEW HAMPSHIRE

v.

## KATHLEEN KAPLAN

October 2, 1986

*Stephen E. Merrill*, attorney general (*Brian T. Tucker*, associate attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The sole issue in this appeal is whether the defendant was incorrectly sentenced to thirty years to life as an accomplice to second degree murder. The defendant argues that she

should have been given a lesser sentence for solicitation of murder. We affirm.

The facts and procedural history of this case are set out in *State v. Kaplan*, 124 N.H. 382, 469 A.2d 1354 (1983), in which we upheld the defendant's conviction. Subsequent to that decision, the defendant filed, and the Trial Court (*DiClerico*, J.) denied, a motion to correct sentence. In this appeal from that ruling, the defendant contends that the facts alleged by the State prove that the crime she committed was solicitation of murder, an inchoate homicide offense with a maximum penalty of fifteen years, and that the trial court thus erred in sentencing her as an accomplice to second degree murder, especially in light of the alleged murderer's acquittal. The State responds that she pleaded guilty to an offense under RSA 626:8 (criminal liability for conduct of another) and RSA 630:1-b (second degree murder), not RSA 629:2 (criminal solicitation), and that the sentence imposed by the trial court was correct under the applicable statutes.

RSA 629:2 states that "[a] person is guilty of criminal solicitation if, with a purpose that another engage in conduct constituting a crime, he commands, solicits or requests such other person to engage in such conduct." The statute does not require that the solicited conduct actually occur. *See* MODEL PENAL CODE § 5.02 comment 3 (1985). On the other hand, RSA 626:8, III states that "[a] person is an accomplice of another person in the commission of an offense if . . . he solicits such other person in committing it." This statute requires that the solicited offense be committed by the solicitee. *See id.*; RSA 626:8, VII. The solicited offense in this case was knowingly causing the death of another. RSA 630:1-b.

As we noted in *Kaplan, supra* at 384–85, 469 A.2d at 1354, the defendant pleaded guilty to a complaint which alleged that she, "with the purpose of promoting Morton Kaplan's death, . . . solicited William Gagne to cause [her husband's] death," and that Gagne "purposely caused [her husband's] death." Gagne's acquittal does not negate the possibility that the defendant could have been proven guilty as an accomplice to second degree murder at a trial. *See* RSA 626:8, VII; *Kaplan, supra* at 388–89, 469 A.2d at 1357; 4 C. TORCIA, WHARTON'S CRIMINAL LAW § 713 (14th ed. 1981). Nevertheless, the defendant's guilty plea obviated the need for the State to prove that she committed the offense, and she cannot now challenge the propriety of the charge and its concomitant sentence.

The defendant's argument that the inchoate nature of her crime supports a solicitation rather than an accomplice charge lacks merit in view of the defendant's plea and our prior decision. Accordingly,

we uphold the trial court's sentence, and conclude that the court properly denied her motion to correct sentence.

*Affirmed.*

All concurred.